IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2019 SEP 17 A 11: 33
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| ANGELA WOOD, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JOSEPH WOOD, DECEASED,<br><br>  Plaintiff,<br><br>v.<br><br>JEFFERSON DUNN, KAREN JONES, DEWAYNE ESTES, ANTHONY BROOKS, CEDRIC SPECKS, KEVIN WHITE, GARY MALONE,<br><br>  Defendants. | Civil Action No.: 2:19-CV-511-MHT-WC<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, and pursuant to Fed. R. Civ. P. 15, files her First Amended Complaint as follows:

### PARTIES

1. Plaintiff, Angela Wood, is the duly appointed Personal Representative of the Estate of Joseph Wood, deceased ("Plaintiff"). Plaintiff is an individual resident citizen of Houston County, Alabama.

2. Defendant, Jefferson Dunn ("Dunn"), is the Commissioner of the Alabama Department of Corrections ("DOC") and, upon information and belief is

an individual resident citizen of Montgomery County, Alabama. All claims asserted herein against Dunn are in his individual capacity only.

3. Defendant, Karen Jones ("Jones"), is over the age of 19 years and an individual resident citizen of the State of Alabama. At all times material hereto, Jones was employed by DOC as Warden of the St. Clair Correctional Facility ("SCCF"), located in Springville, St. Clair County, Alabama. All claims asserted herein against Jones are in her individual capacity only.

4. Defendant, Dewayne Estes ("Estes"), is over the age of 19 years and an individual resident citizen of the State of Alabama. At all times material hereto, Jones was employed by DOC as Warden III of SCCF, located in Springville, St. Clair County, Alabama. All claims asserted herein against Estes are in his individual capacity only.

5. Defendant, Anthony Brooks ("Brooks"), is over the age of 19 years and an individual resident citizen of the State of Alabama. At all times material hereto, Brooks was employed by DOC as Assistant Warden of SCCF, located in Springville, St. Clair County, Alabama. All claims asserted herein against Brooks are in his individual capacity only.

6. Defendant, Cedric Specks ("Specks"), is over the age of 19 years and an individual resident citizen of the State of Alabama. At all times material hereto, Specks was employed by DOC as Assistant Warden of SCCF, located in

Springville, St. Clair County, Alabama. All claims asserted herein against Specks are in his individual capacity only.

7. Defendant, Kevin White ("White"), is over the age of 19 years and an individual resident citizen of the State of Alabama. At all times material hereto, White was employed by DOC as a Captain and, upon information and belief, was responsible for the security of inmates housed at SCCF. All claims asserted herein against White are in his individual capacity only.

8. Defendant, Gary Malone ("Malone"), is over the age of 19 years and an individual resident citizen of the State of Alabama. At all times material hereto, Malone was employed by DOC as a Captain and, upon information and belief, was responsible for the security of inmates housed at SCCF. All claims asserted herein against Malone are in his individual capacity only.

9. Defendants, Dunn, Jones, Estes, Brooks, Specks, White, and Malone shall be referred to collectively as "Defendants."

## JURISDICTION, AND VENUE

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(1)(2) & (3) because this action is brought under 42 U.S.C. § 1983, seeking damages for Defendants' violations of the constitutional rights of Joseph Wood. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

11. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b)(1) because some of the Defendants are residents of and/or situated in Montgomery County, Alabama, which is located in the Northern Division of the Middle District of Alabama.

## FACTUAL ALLEGATIONS

12. In or about May 2017, Joseph Wood ("Decedent") was incarcerated in the SCCF.

13. Decedent was serving a life sentence for two counts of Robbery in the First Degree. However, Decedent would have been eligible for parole in 2021.

14. Upon information and belief, Decedent was transferred to SCCF to complete an educational and/or vocational program that could have helped him obtain parole.

15. After Defendant's transfer to SCCF, for reasons unknown, Decedent was informed that he could not continue participating in the program.

16. At this time, SCCF was underfunded and overcrowded.

17. Due to these issues and others, there existed inadequate security for the section of SCCF where Decedent was housed.

18. As a result, inmate-on-inmate assaults and violence are a regular occurrence at DOC facilities, including SCCF.

19. Upon information and belief, Decedent was a model inmate, kept to himself, and did not cause any problems while incarcerated.

20. Shortly after Decedent's arrival at SCCF, Decedent began calling his family from various cell phones, the numbers of which were unrecognizable to Decedent's family. It is unknown how Decedent obtained the cell phones.

21. During these calls, Decedent advised that he was scared of other inmates. Decedent reported that these inmates were threatening to assault Decedent if he did not pay the inmates certain sums of money.

22. Decedent would frantically beg Plaintiff to send him money. Plaintiff could hear inmates in the background telling Decedent what to say and how much money to ask for.

23. At the time of one particular call, Decedent had just been struck in the head. Decedent left a rambling, incoherent voicemail message for Plaintiff. The message appeared to have been caused or exacerbated by the head injury.

24. Decedent also routinely called other members of his family, often requesting assistance and/or money to keep him safe from other inmates.

25. Upon information and belief, Decedent complained to guards or SCCF authorities about his fears, the unsafe conditions, and/or the lack of security and/or supervision within the section of SCCF in which Decedent was housed.

26. On July 22, 2017, Decedent was found unresponsive in his cell. Decedent was later determined to have died from manual strangulation. It is unknown how long Decedent lay dying or dead before discovered by Defendants.

27. Defendants failed or refused to notify Plaintiff of Decedent's death; instead, Plaintiff learned of the same through a conversation with the SCCF Chaplain.

28. Plaintiff was not contacted by the SCCF Warden until one week after Decedent's death.

29. Despite multiple inquiries, the only information Plaintiff has been provided by DOC concerning Decedent's death is that the same was "being considered a murder."

30. After DOC released Decedent's body to Plaintiff for burial, Plaintiff personally observed physical evidence that Decedent had been beaten, strangled, and stabbed.

## COUNT I
## 42 U.S.C. § 1983 CLAIM
## VIOLATION OF THE EIGHTH AMENDMENT

31. Plaintiff adopts each and every allegation contained in the preceding paragraphs as if the same were set forth fully herein.

32. Plaintiff brings this claim against Defendants, jointly and severally, for an unlawful seizure in violation of the Eighth Amendment, which is a constitutional tort cognizable by and through 42 U.S.C. § 1983.

33. Defendants, while acting under color of law, recklessly, willfully, and/or intentionally deprived Plaintiff of her rights under the Eighth Amendment to the United States Constitution. Defendants failed to take reasonable measures to guarantee the safety of Decedent and/or to protect Decedent from violence at the hands of other SCCF inmates.

34. In engaging in this unlawful conduct, Defendants were not acting within their discretionary authority, and their conduct violated clearly established rights, including Decedent's constitutional right to be free from physical assault by other inmates.

35. Defendants showed deliberate indifference to Decedent's safety and well-being.

36. Due to the frequency with which Decedent faced threats, intimidation, and/or bullying, Defendants subjectively knew that Decedent faced a substantial risk of serious harm.

37. Defendants disregarded this known risk by failing to respond in an objectively reasonable manner. Specifically, Defendants failed to enact or follow reasonable policies and procedures designed to provide adequate security and/or

supervision; failed to follow DOC classification system in mixing inmates who should not have been housed together; failed to isolate dangerous inmates, including "double-celling" Decedent with an ostensibly dangerous cell mate; failure to check, inspect, investigate, or examine Decedent's cell at very short time intervals; and failing to adhere to Decedent's warnings and/or concerns about concerns for his own safety.

38. There was a causal connection between Defendants' conduct and Decedent's Eighth Amendment violation.

39. As a proximate result of Defendants' deliberate indifference, Decedent was caused to be brutally beaten and strangled by an unknown assailant while in his cell.

40. Plaintiff claims punitive damages of Defendants due to their reckless, wanton, willful, and/or intentional conduct.

WHEREFORE, premises considered, Plaintiff demands judgment against Defendants, jointly and severally, for any and all actual and special compensatory damages and punitive damages in an amount to be determined by the jury, together with interest and the costs of this action.

## COUNT II
## WRONGFUL DEATH

41. Plaintiff adopts each and every allegation contained in the preceding paragraphs as if the same were set forth fully herein.

42. Plaintiff brings this action pursuant to Ala. Code § 6–5–410 (1975).

43. Defendants, by the acts or omissions specified herein, did unlawfully allow an unknown assailant, which Plaintiff believes to be the cellmate of the Decedent, to unlawfully cause the death of Decedent while incarcerated at SCCF.

44. Because of the status/relationship between the parties, as well as the foreseeability of the harm that ultimately befell Decedent, Defendants are liable for the criminal acts of a third-party.

45. As a proximate result of Defendants' wrongful conduct, Decedent was caused to be brutally beaten and strangled by an unknown assailant while in his cell.

WHEREFORE, premises considered, Plaintiff demands judgment against Defendants, jointly and severally, for punitive damages in an amount to be determined by the jury, together with interest and the costs of this action.

Respectfully submitted this the 10-17-2019 day of September 2019.

_____
Angela Wood, as Personal Representative
of the Estate of Joseph Wood, deceased

## JURY DEMAND

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY AS TO ALL ISSUES SO TRIABLE.**   10-17-2019

*Angela M. Wood*

Angela Wood, as Personal Representative of the Estate of Joseph Wood, deceased