IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANGELA M. WOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:19-cv-511-MHT-WC |
| | ) | |
| JEFFERSON S. DUNN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

On October 17, 2019, the undersigned issued an Order requiring Plaintiff to furnish the Clerk's Office with correct addresses for the five remaining Defendants who have not been served with a copy of the Summons and Complaint (Doc. 17). On October 18, 2019, the undersigned issued an Order (Doc. 22) giving Plaintiff until November 8, 2019, to respond to the Motion to Dismiss (Doc. 18) filed by Defendants Jefferson Dunn and Gary Malone. On November 12, 2019, the Court's Orders (Docs. 17 and 22) were returned and docketed as undeliverable to Plaintiff.

On November 19, 2019, the undersigned issued another Order (Doc. 23) giving Plaintiff until December 3, 2019, to provide the Clerk's Office with her current mailing address and the correct addresses for the five Defendants who have not been served. The Order reminded Plaintiff of her responsibility to advise the Court of any changes in her address and to participate in this lawsuit in order to meet her obligations as a litigant in this Court. It also cautioned Plaintiff that a failure to comply could result in a recommendation that this case be dismissed without prejudice. To date, almost six weeks after the most

recent Order was mailed to Plaintiff, it has not been returned to the Clerk's Office as "undeliverable," and Plaintiff has failed to comply with the Order.

The above facts reflect a lack of interest in the continued prosecution of this case. This case was filed over five months ago. The last contact Plaintiff had with the Court was filing a First Amended Complaint over three months ago. Five of the seven Defendants remain to be served. The two Defendants who have been served filed a Motion to Dismiss, and Plaintiff has filed no response. This action cannot proceed properly in Plaintiff's absence. The undersigned, therefore, concludes that this case is due to be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that dismissal for failure to obey a court order is generally not an abuse of discretion where a litigant has been forewarned). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket"). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.*

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to comply with the Orders of the Court and to prosecute this action. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **January 13, 2020**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 30th day of December, 2019.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE